UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD L. GONZALEZ,

Plaintiff,

v.  :  CASE No. 8:07-CV-1704-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant.

## ORDER

This cause came on for consideration upon the plaintiff's Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act (Doc. 24) filed by counsel for the plaintiff on March 9, 2009. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $4,970.56 in fees to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security

income payments. This matter was reversed and remanded to the Social Security Administration by order of this court dated November 25, 2008 (Doc. 18). Judgment was therefore entered in favor of the plaintiff (Doc. 21). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 24).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $5,080.44 (Doc. 24). This amount represents 3.1 hours of service before the court in 2007 at an hourly rate of $168.62, 26.1 hours in 2008 at an hourly rate of $168.78, and .9 hours in 2009 at an hourly rate of $169.51 by attorney Enrique Escarraz (id., p. 1). The defendant does not object to the requested attorney's fees (Doc. 28).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 30.1 hours for services performed in this case does not appear unreasonable.* Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $168.62 per hour for work performed in 2007, $168.78 per hour for work performed in 2008 and $169.51 for work performed in 2009 (Doc. 28, p. 1). However, the rates requested for 2007 and 2008 have crossed into the area of unreasonableness.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per

---

*It is noted that the attorney's time sheet (Doc. 25) reflects an additional hour of work performed in 2007. However, the court's calculation of the attorney's fee will be based on the hours requested in the motion.

hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

In all events, the request for more than $165.00 per hour for work performed in 2007 and 2008 is patently beyond the bounds of reason. Thus, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case more than $165.00 per hour for work performed during these years when the maximum rate for criminal defense lawyers defending capital cases those years was $166.00 and $170.00 per hour, respectively. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a rate similar to that paid a criminal defense attorney defending a capital case. Accordingly, the request for rates of $168.62 and $168.78 per hour for work done in 2007 and 2008 is rejected.

However, as I have already done in other cases making a similar request, I will apply a rate of $165.00 per hour for work done in 2007, although that is only one dollar per hour less than was paid for work defending capital

cases that year. Moreover, I will also use that rate for work done in 2008. The work performed in 2009 will be awarded at the requested rate of $169.51, which is approximately five dollars less per hour than is presently awarded for the defense of capital cases. Accordingly, the 29.2 hours of work performed in 2007 and 2008 will be awarded at a rate of $165.00, and the .9 hours of work in 2009 will be calculated at a rate of $169.51, for a total of $4,970.56.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (Doc. 24, p. 1). In <u>Reeves</u> v. <u>Barnhart</u>, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to his counsel (Doc. 26). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (<u>see</u> Doc. 28). Therefore, by virtue of the fee assignment and the defendant's lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the plaintiff's Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act (Doc. 24) is **GRANTED to the extent** that the plaintiff is hereby awarded the amount of

$4,970.56 in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 21st day of April, 2009.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE